UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-31784 (DRJ) |
| **OFS International LLC,** *et al.*, | § | |
| | § | **Chapter 11** |
| Debtors.[1] | § | (Joint Administration Pending) |
| | § | |
| **OFS International, LLC, and OSFI Holding LLC,** | § | |
| Plaintiffs, | § | Adv. No. 21-_____ |
| | § | |
| vs. | § | |
| | § | |
| **TMK Steel Holding Limited,** | § | |
| Defendant. | § | |

## Complaint

OFS International LLC ("OFSI") and OFSI Holding LLC ("OFSI Holding" and collectively with OFSI, the "Plaintiffs"), debtors and debtors-in-possession in the above-referenced, jointly administered chapter 11 case, file this original complaint against TMK Steel Holding Limited ("TMK Steel" or the "Defendant").

## Parties

1. The Plaintiffs may be served in this adversary through the undersigned counsel.

2. Defendant TMK Steel Holding Limited is a Cypriot corporation and may be served by serving its registered address at: Αγίου Ανδρέου, 332, PATRICIAN CHAMBERS, 3035, Λεμεσός, Κύπρος Cyprus.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (3527); OFSI Holding, LLC (3419).

1

3. Officers and directors of TMK Steel for purposes of service are:

- ALEXANDER GONCHAROV, director
- ALEXANDER PUMPYANSKIY, director
- PAGESERVE LIMITED, secretary
- ΔΗΜΗΤΡΗΣ ΙΩΑΝΝΙΔΗΣ, director
- ΛΙΑ ΙΟΡΔΑΝΟΥ, director
- ΠΑΤΡΙΚΙΟΣ ΠΑΥΛΟΥ, director
- ΣΤΑΥΡΟΣ ΠΑΥΛΟΥ for ΛΙΑ ΙΟΡΔΑΝΟΥ, alternate director
- ΣΤΑΥΡΟΣ ΠΑΥΛΟΥ for ΠΑΤΡΙΚΙΟΣ ΠΑΥΛΟΥ, alternate director

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

5. Relief is sought pursuant to 11 U.S.C. §§ 544, 548 and 550, TEX. BUS. & COMM. CODE ANN. § 24.001 *et seq.* and other applicable law.

6. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O). The Plaintiffs consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## Summary of the Complaint

8. Pursuant to 11 U.S.C. §§ 544, 548 and 550, TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.* and other applicable law, the Plaintiffs seek to recover a $10 million transfer of cash made by OFSI, through its parent company OFSI Holding, to TMK Steel as payment for the purchase of TMK Steel's 49% of the outstanding shares in OFSI Holding. The transaction resulted in

Konstantin Semerikov, the Debtors' President and Chief Executive Officer, becoming the sole shareholder of OFSI Holding.

9. The Plaintiffs also seek an award of attorneys' fees, costs and interest in accordance with applicable law.

## Statement of Relevant Facts

### A. OFSI and its Corporate Structure

10. OFSI was founded in October 2012 and is headquartered in Houston, Texas.

11. When OFSI was created, its holding company (the predecessor to OFSI Holding) was owned 75% by an affiliate of PAO TMK (a Russian corporation and an affiliate of TMK Steel), 20% by TMK Steel, and 5% by an affiliate of Semerikov.

12. In September 2016, Semerikov bought a controlling interest in the predecessor of OFSI Holding. As of January 2019, TMK Steel owned 49% of the shares in OFSI Holding and Semerikov owned the other 51% of the shares.

13. OFSI Holding owns 100% of the shares of OFSi

### B. The Fraudulent Transfer

14. On June 4, 2019, TMK Steel, Semerikov, and OFSI Holding executed a Sale and Purchase Agreement (the "SPA") pursuant to which OFSI Holding agreed to buy TMK Steel's 4,900 shares (i.e. 49%) of OFSI Holding in exchange for $15 million to be paid as follows:

   a. $500,000 paid at closing,

   b. $10 million paid within 90 days of closing, and

   c. $4.5 million by June 10, 2020.

15. On June 4, 2019, using funds it received from Semerikov, OFSI Holding made the initial $500,000 transfer to TMK Steel, which subsequently transferred its shares to OFSI Holding.

3

OFSI Holding continues to hold those shares as treasury shares, with Semerikov as the sole shareholder of OFSI Holding.

16. OFSI Holding had no funds from which it could pay the $10 million that was due to TMK Steel on September 4, 2019.

17. On August 27, 2019, the Debtors entered into an amendment to their existing credit facility with JPMorgan Chase which increased the Debtors' borrowing by $10 million and authorized OFSI to make a $10 million dividend or distribution to OFSI Holding to be utilized solely for the purpose of making the $10 million payment to TMK Steel due under the SPA.

18. On October 3, 2019, the parties amended the SPA to extend the deadline for the $10 million payment to no later than October 15, 2019.

19. On October 11, 2019, OFSI transferred the $10 million it received from JPMorgan Chase to OFSI Holding.

20. On October 11, 2019, OFSI Holding transferred the $10 million to TMK Steel in satisfaction of the second payment due under the SPA (the "Transfer").

21. At the time of, or as a result of, the Transfer, the sum of the Plaintiffs' liabilities was greater than the sum of all of their assets.

22. At the time of the Transfer, OFSI was generally not paying its debts as they came due.

23. At the time of the Transfer, OFSI had unreasonably small capital to continue its business operations.

24. The additional $10 million borrowed from JPMorgan Chase in order to make the Transfer was a debt that was beyond OFSI's ability to pay as such debt matured.

25. At the time of the Transfer, the OFSI had existing creditors with claims that remain unpaid including, but not limited to, PAO TMK, Tubos Reunidos Industrial, RDT Inc., TMK Gulf International Pipe Industry, Houston International Specialty Inc., Schouest, Bamdas, Soshea & Benmaier P.L.L.C., and Tubular Solutions Inc.

26. OFSI Holding received no value in exchange for the Transfer because the TMK Steel shares were themselves likely worthless at the time of the Transfer because the Debtors were insolvent. The TMK Steel shares were transferred to OFSI Holding. Semerikov became the sole shareholder of OFSI Holding. OFSi received nothing in exchange for the Transfer.

27. The Plaintiffs did not make the third payment of $4.5 million due under the SPA on June 10, 2020.

### C. The Debtors' Bankruptcy Filing

28. On May 31, 2021 (the "Petition Date"), the OFSI and OFSI Holding each filed a voluntary petition under chapter 11 of the Bankruptcy Code. Each of OFSI and OFSI Holding is a debtor and debtor-in-possession in the jointly administered chapter 11 case.

### Count One - Constructive Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B)

29. The Plaintiffs incorporate the allegations set forth above in paragraphs 1 through 28 as if fully set forth herein.

30. The Transfer is avoidable as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).

31. The Transfer occurred less than two years before the Petition Date.

32. The Transfer was of an interest of the Plaintiffs in property.

33. The Plaintiffs received less than reasonably equivalent value in exchange for the Transfer.

34. OFSI received no value for the Transfer.

10656107

35. The Plaintiffs were insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

36. At the time of the Transfer, OFSI was engaged in business or was about to engage in business for which any property remaining with OFSI was unreasonably small capital.

37. At the time of the Transfer, the Plaintiffs intended to incur or believed they would incur debts that would be beyond their ability to pay as such debts matured.

## Count Two - Recovery of the Transfer Under 11 U.S.C. § 550

38. The Plaintiffs incorporate the allegations set forth above in paragraphs 1 through 37 as if fully set forth herein.

39. Under § 550(a) of the Code, the Plaintiffs can recover the Transfer or the value of the Transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a)(1). Additionally, the Plaintiffs can recover the Transfer or the value of the Transfer from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a)(2).

40. TMK Steel was the initial transferee of OFSI Holding. TMK Steel was also the initial transferee of OFSI because it was the entity for whose benefit the Transfer was made.

41. In the alternative, TMK Steel was a subsequent transferee of the Transfer when OFSI Holding transferred the $10 million to it.

42. The Plaintiffs request that the Court enter a judgment against TMK Steel: (i) avoiding the Transfer; and (ii) ordering TMK Steel to immediately return $10 million to OFSi plus pre- and post-judgment interest.

### Count Three - Constructive Fraudulent Transfer Under Texas Law

43. The Plaintiffs incorporate the allegations set forth above in paragraphs 1 through 28 as if fully set forth herein.

44. The Transfer was made in violation of Tex. Bus. & Com. Code Ann. § 24.001 *et seq.*, which the Debtor incorporates pursuant to 11 U.S.C. § 544.

45. The Transfer occurred less than two years before the Petition Date.

46. The Transfer was of an interest of the Plaintiffs in property.

47. The Plaintiffs received less than reasonably equivalent value in exchange for the Transfer.

48. OFSI received no value for the Transfer.

49. The Plaintiffs were insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

50. At the time of the Transfer, OFSI was engaged in business or was about to engage in business for which any property remaining with OFSI was unreasonably small capital.

51. At the time of the Transfer, the Plaintiffs intended to incur or believed they would incur debts that would be beyond their ability to pay as such debts matured.

52. A creditor exists whose claim arose before or within a reasonable time after the occurrence of the Transfer for whom the Plaintiffs can act.

### Count Four - Recovery of the Transfer Under Texas Law

53. The Plaintiffs incorporate the allegations set forth above in paragraphs 1 through 52 as if fully set forth herein.

10656107

54. Under TEX. BUS. & COM. CODE ANN. § 24.009, the Plaintiffs can recover the value of the Transfer from the first transferee of the Transfer or the person for whose benefit the Transfer was made or from any subsequent transferee other than a good faith transferee who took for value.

55. TMK Steel was the first transferee of OFSI Holding and OFSI because it was the entity for whose benefit the Transfer was made. In the alternative, TMK Steel was a subsequent transferee of the Transfer when OFSI Holding transferred the $10 million to it.

56. TMK Steel did not take the Transfer in good faith because it knew the source of funds was OFSI, not OFSI Holding or Semerikov.

57. The Plaintiffs seek (i) the avoidance of the Transfer and (ii) the return of the Transfer to OFSI and/or money damages against the Defendant pursuant to TEX. BUS. & COM. CODE ANN. § 24.008.

## Attorney's Fees

58. The Plaintiffs request an award of reasonable fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and other applicable law.

## Request for Pre- and Post-Judgment Interest

59. The Plaintiffs seek pre-judgment interest on the value of the Transfer from the date of transfer through the date of judgment at the rate of 5% per annum. The Plaintiffs seek post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

## **Prayer**

Accordingly, the Plaintiffs request the Court to enter judgment as set forth above and to grant such other relief as is just.

**Dated: May 31, 2021.**

Respectfully submitted,

**Porter Hedges LLP**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
Amy C. Falcon
State Bar No. 24053576
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Proposed Counsel for the Debtors**

10656107